# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

TRACY SLOAN,

      Plaintiff,

v.                                CASE NO. 8:20-cv-435-TGW

ANDREW M. SAUL,
Commissioner,
Social Security Administration,

      Defendant.

---

## O R D E R

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and the plaintiff does not identify any reversible error, the decision will be affirmed.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

The plaintiff, who was forty-four years old at the time of the administrative hearing and who has some college education (Tr. 16), has worked as a courier and animal breeder (Tr. 111). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled on February 12, 2016, due to hypothyroidism, fibromyalgia, irritable bowel syndrome, chronic fatigue, back injury, hypoglycemia, pre-asthma, depression, dysthymia, costochondritis, acid reflux, and nasal drainage (Tr. 46). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, received a de novo hearing before an administrative law judge on September 21, 2018 (Tr. 14). The law judge found that the plaintiff had severe impairments of fibromyalgia, obesity, depression and anxiety (Tr. 106). He concluded that with those impairments the plaintiff had the residual functional capacity to perform a range of light work except with the following limitations (Tr. 15):

> [S]he can lift and/or carry 20 pounds occasionally; lift and/or carry 10 pounds frequently; stand and/or walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday. She may occasionally

climb ladders/ropes/scaffolds, but may frequently climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. She is able to understand, carry out, and remember simple, routine, and repetitive tasks and can perform work involving only simple, work-related decisions with the ability to adapt to routine work place changes.

The law judge determined that with those limitations the plaintiff could not perform past relevant work (Tr. 111). However, based upon the testimony of a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as cashier, ticket seller, and housekeeping cleaner (Tr. 112). Accordingly, the law judge found the plaintiff was not disabled from February 12, 2016, through the date of the decision on February 5, 2019.

The plaintiff sought review from the Appeals Council, but the Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 1).

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal

of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff raises three issues: (1) the law judge failed to comply with Social Security Ruling 00-4P in resolving conflicts between the testimony of the vocational expert and the Dictionary of Occupational Titles (DOT) regarding the jobs of cashier and ticket seller; (2) the law judge's decision mischaracterized the opinion of the state's medical advisor; and (3) the law judge erred in relying on the vocational expert's response to an incomplete hypothetical (Doc. 22, pp. 5, 6, 8). All three arguments are meritless. Moreover, in light of the Scheduling Order and Memorandum Requirements, challenges to any other findings by the law judge are forfeited due to lack of development (Doc. 14, p. 2).

A. The first issue the plaintiff raises is that the law judge failed to comply with Social Security Ruling (SSR) 00-4P by failing to resolve an apparent conflict between the vocational expert's testimony and the DOT. SSR 00-4P states, in pertinent part:

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the

adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

The vocational expert testified at the hearing that the plaintiff could perform the jobs of cashier, ticket seller, and housekeeping cleaner (Tr. 42). The plaintiff contends that the jobs of ticket seller and cashier II—which have reasoning level 3—are apparently inconsistent with the plaintiff's RFC limitation to jobs with simple, routine, and repetitive tasks (Doc. 22, p. 6; Tr. 108).

The plaintiff notes in her memorandum that the circuits "are split as to whether a limitation to simple tasks performed at a routine or repetitive pace may be consistent with reasoning level 3," and that the Eleventh Circuit has not addressed this issue in a published decision (Doc. 22, p. 6). The plaintiff argues that if this court agrees with the position taken by the Tenth Circuit—"that a claimant's limitation to 'simple and routine work tasks' is 'inconsistent with the demands of level-three

reasoning'"—then this matter should be remanded for compliance with SSR 00-4P (Doc. 22, p. 6).

In <u>Wooten v. Commissioner of Social Security</u>, 787 F. App'x 671, 674 (11th Cir. 2019), an unpublished decision, the Eleventh Circuit stated, "this Court has not yet decided in a published opinion whether a limitation to simple, routine, repetitive work is inconsistent with a job that requires a General Education Development reasoning level of three." The <u>Wooten</u> Court decided it need not resolve that question because one of the three jobs identified by the ALJ was the job of final assembler with a reasoning level of one, the lowest level, which was consistent with the RFC; even if the ALJ had erred in identifying two jobs that required a reasoning level of three that apparently conflicted with the RFC, the error was a harmless one. <u>Id.</u> at 674. Other courts are consistent with this. <u>Peterson v. Commissioner of Social Security</u>, No. 2:19-cv-566-FtM-29NPM, 2020 WL 6708022 (M.D. Fla. Nov. 16, 2020) (finding ALJ's failure to resolve apparent conflict between VE testimony and DOT harmless where VE identified other jobs that existed in significant numbers in national economy that plaintiff could perform); <u>Zeh v. Saul</u>, No. 8:18-cv-1608-T-SPF, 2019

WL 4233765, *3 (M.D. Fla. Sept. 6, 2019) (affirming ALJ's decision where VE's testimony included one position plaintiff could perform as any error in listing other positions was harmless and did not warrant overruling ALJ's decision).

The plaintiff's contention that the law judge failed to resolve an inconsistency between the VE's testimony and the DOT is unavailing. The plaintiff does not acknowledge that the third job identified by the VE, housekeeping cleaner, requires only level one reasoning. Thus, any failure by the law judge to resolve a conflict between the limitation to simple, routine, and repetitive tasks and the reasoning level of three stated by the DOT for two of the jobs was harmless error since one of the jobs identified by the VE required only reasoning level one.

B. The second issue the plaintiff raises is that the law judge mischaracterized the opinion of Thomas Bixler, M.D., a non-examining reviewer. There is nothing mischaracterized by the law judge about Dr. Bixler's opinion. Rather, the plaintiff simply disagrees with the law judge's finding about the plaintiff's wrist impairment. However, the law judge's assessment of that problem is supported by substantial evidence.

On October 5, 2016, Dr. Bixler opined on the plaintiff's residual

functional capacity. He stated: "She broke [her] wrist last June, and it is

healing well in good alignment, no surgery needed. Clmt overstates her

symptoms. Partially credible. RFC projected to the date 1 yr from the

fracture, at that time she should be able to do light work." (Tr. 82).

The law judge considered Dr. Bixler's opinion, stating (Tr.

110):

> Thomas Bixler, M.D. opined the claimant could do
> light work with occasionally climbing ladders,
> ropes, or scaffolds, and no more than frequently
> climbing ramps and stairs, balancing, stooping,
> kneeling, crouching, and crawling (Exhibits 7A,
> 8A). I give significant weight to this opinion, as
> it is supported by the substantive evidence of
> record.

That could not plausibly be defined as a mischaracterization of Dr. Bixler's

opinion.

The plaintiff objects to the fact that Dr. Bixler gave a projected

twelve-month assessment of the plaintiff's broken wrist. That projection

was certainly appropriate since in order to be disabling, an impairment must

have "lasted or can be expected to last for a continuous period of not less

than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). Importantly, the plaintiff makes no factual or legal challenge to Dr. Bixler's projected opinion. Consequently, the law judge could reasonably rely upon that opinion.

The plaintiff acknowledges that Dr. Bixler opines that the plaintiff had no manipulative limitations (Doc. 22, p. 7). The plaintiff argues that there was evidence to the contrary. Thus, the plaintiff testified that she had swelling in her fingers, knuckles and wrists (id.). Also, the plaintiff's treating physician, S. Todd Robinson, M.D., opined that the plaintiff had limited use of her hands (id.).

The law judge, however, expressly discounted that evidence. Thus, the law judge found that the plaintiff's "complaints of pain are not consistent with the objective evidence of record" (Tr. 109). Moreover, he explained that finding in detail (Tr. 109–110). The plaintiff makes no challenge to that determination.

Similarly, the law judge considered the opinion from Dr. Robinson (Tr. 111). He gave a reasonable basis for discounting that opinion (id.). Again, the plaintiff does not challenge that determination.

In short, Dr. Bixler gave a cogent opinion that the plaintiff's broken wrist would not cause a manipulative limitation within one year. The law judge obviously accepted that opinion. While the plaintiff makes a weak attempt to show otherwise, the law judge in weighing the evidence went with Dr. Bixler's opinion. That determination is entitled to deference.

C. The third issue the plaintiff raises is that the law judge erred by relying on a response by the vocational expert to an incomplete hypothetical. Primarily, the plaintiff argues that law judge's RFC finding—that the plaintiff could stand and walk six hours out of an eight-hour workday—does not support that the plaintiff could perform the job of cleaner, DOT number 323.687-014 (Doc. 22, p. 8). The short, and dispositive, answer to that contention is that the vocational expert testified that the plaintiff, with that RFC, could perform the job of cleaner (Tr. 42), and the law judge accepted that testimony.

Moreover, the plaintiff bases her argument upon the idea that "[a] court can take judicial notice of generally known facts such as the fact that a cleaner/housekeeper cannot sit, at will, and perform the job tasks" (Doc. 22, p. 9). That is not a proper subject of judicial notice and the

plaintiff makes no attempt to show that it is. Judicial notice may be taken of facts not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice cannot be used to negate the testimony of the expert witness.

At the beginning of this contention the plaintiff suggested that the hypothetical question was deficient because it did not include manipulative limitations. However, as indicated, the law judge rejected manipulative limitations. Consequently, the hypothetical question did not have to include any such limitation. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004) (stating that an ALJ is not required to include findings in the hypothetical that the ALJ properly rejected as unsupported).

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 20th day of
May 2021.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE